**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 19-518-3** |
| | : | |
| **ATIF MAHMOOD MALIK** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **February 26, 2025**

Defendant Malik previously filed a Motion for Reconsideration of the Order Granting the Government's Motion in Limine to Preclude Dr. Habib, which the Court denied. *See* ECF Nos. 437, 474, 482, 503. The Court will once more deny Defendant Malik's Second Motion for Reconsideration, ECF No. 528, as Defendant Malik is placing the cart before the horse.

**I.    DISCUSSION**

Defendant Malik principally argues in his Second Motion for Reconsideration that, at trial, Dr. Habib will testify only as to "what **most** Pakistani medical graduates are taught and are expected to understand," thus avoiding Federal Rule of Evidence 704(b)'s bar against experts testifying as to a defendant's mental state. ECF No. 528 at 3 (emphasis in original). Defendant Malik cites *Diaz v. United States*, 602 U.S. 526 (2024) in support of this argument. In *Diaz*, the defendant asserted during a post-arrest interview with police after being stopped at the U.S./Mexico border with "56 packages of methamphetamine" that "she had no idea drugs were hidden in the car." 602 U.S. at 529. At trial, the government called a Homeland Security Investigations Special Agent as an expert witness to testify that "'in most circumstances, the driver knows they are hired … to take the drugs from point A to point B.'" *Id*. at 530. Although the defendant argued that this testimony necessarily bore on the defendant's state of mind in contravention of Rule 704(b), the Supreme Court held that "[a]n expert's conclusion that 'most

1

people' in a group have a particular mental state is not an opinion about 'the defendant' and thus does not violate Rule 704(b)." *Id.* at 535, 538.

A review of Dr. Habib's report directly belies Defendant Malik's position that Dr. Habib's testimony is proper under Rule 704(b) and the Motion's attempt to reposition it to fit within the language of *Diaz*. Dr. Habib's report goes into great detail as to what "a Pakistani trained medical graduate[] **like Atif Malik**" would do when presented with the instant circumstances alleged. *See, e.g.*, ECF No. 460 at 42–45, 47–48 (emphasis added). While Defendant Malik may now argue that Dr. Habib would only testify as to what "most" Pakistani IMGs know and understand, it is clear from the face of Dr. Habib's expert report that his opinion goes much further than this.

But addressing issues regarding the contents of this report and the qualifications of Dr. Habib at this juncture would be premature. The Defendant has not met the burden of production for a good faith defense. As the record stands, Dr. Habib's proffered testimony would be irrelevant and would not assist the jury in deciding the case as it lacks a foundation. Dr. Habib's report and proffered testimony would bolster a good faith belief by Defendant Malik. But, as things stand on this record, there is no testimony to bolster. Defendant Malik's good faith belief must be put in front of the jury before we get to the issue of whether Dr. Habib can testify.

Merely informing the Government that Dr. Habib will testify regarding a good faith defense does not satisfy the burden of production regarding good faith for the Government to rebut. The Defendant must, at a minimum, testify as to his good faith before any consideration and analysis can be given to the testimony Dr. Habib intends to give as reflected in his report. Furthermore, and just as significantly, we do not know what the good faith belief is. Is it the belief that: "I must follow orders first regardless of what the law is?" Is it that: "I follow orders and believe that I am not breaking the law because I followed my superior's orders?" If either is the

2

notion underlying Defendant Malik's "good faith" position, it then begs an inquiry as to whether it is a legitimate "good faith" defense. But we do not know what the ultimate good faith belief is, and we can only divine Defendant Malik's potential beliefs from a review of Dr. Habib's report.

Accordingly, this affirmative defense was not properly raised. Indeed, at the last pretrial conference on December 9, 2024, when queried about the propriety of Dr. Habib's report and an evidentiary foundation for admission, Counsel for Defendant Malik responded on the record that it was Defendant Malik's constitutional right not to testify at trial. This response leads the Court to believe that Counsel intends to attempt to have Dr. Habib testify without Defendant Malik getting on the stand and telling the jurors of his own good faith belief. Without that foundation, Dr. Habib's testimony is unhelpful, irrelevant, and serves only as a substitution for the testimony of Defendant Malik as to Defendant Malik's state of mind. And, without the testimony of Defendant Malik, the jury is asked to assume "good faith" through the testimony of Dr. Habib without giving the Government an opportunity to explore the "good faith" defense with the Defendant on cross or challenge its credibility to the jury at closing.

Defendant Malik, other than through Dr. Habib's backdoor, has not affirmatively raised a good faith defense. This is contrary to *Diaz*, where the defendant raised that "she had no idea drugs were hidden in the car," 602 U.S. at 529, and the government's expert witness testimony sought to rebut this statement. Here, there is no defense to rebut or bolster. Moreover, in *Diaz*, the defendant stated that she was unaware the drugs were in the car period. Her case is not analogous to what is being attempted here; she was not saying that she knew the drugs were in the car, but she transported them because she was following orders. That is essentially Defendant's position here. Defendant Malik's position, when reading Dr. Habib's report, is not that he did not know that he was prescribing controlled substances without authorization, nor that he did not know

3

what was in the goody bags, nor that he did not know they were blank prescriptions. Instead, his position seems to be that if the jury finds that these things were done beyond a reasonable doubt, he did them because he was ordered to do so, and following orders is characteristic of the training most Pakistani IMGs receive. That is a far cry from the facts in *Diaz*, and a far cry from the honest belief that he was authorized to carry out these acts under U.S. law.

Turning a blind eye to the law in favor of following the instructions of a superior may be a reason to mitigate a sentence, but is not a defense to breaking the law regardless of the myriad societal, cultural, and professional differences identified.

Finally, the Court has not had to address the alleged serious deficiencies in Dr. Habib's qualifications for the opinions he renders under Federal Rule of Evidence 702 because an affirmative defense of good faith has not been raised. The Court has not reviewed Dr. Habib's qualifications to testify as an expert on the cultural aspects of Pakistani medical practice, nor on what Pakistani IMG students know and understand.

## II.  CONCLUSION

Therefore, the Court does not find that any circumstances warrant reconsideration of the Court's decision on the Government's Motion in Limine to Preclude Dr. Habib. Accordingly, the Motion is denied. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**